UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: GENERAL MOTORS CORP AIR
CONDITIONING MARKETING AND
SALES PRACTICES LITIGATION                                         MDL No. 2818


**TRANSFER ORDER**


**Before the Panel**:[*]  Defendants General Motors Company, General Motors Holdings LLC, and General Motors LLC (collectively, GM) move under 28 U.S.C. § 1407 to centralize this litigation concerning allegedly defective vehicle air conditioning systems in the Eastern District of Michigan. Plaintiffs in the Eastern District of Michigan action support GM's motion in its entirety.[1] This litigation consists of four actions pending in four districts, as listed on Schedule A.[2]  No party opposes centralization. Plaintiffs in the Northern District of California *Jenkins* action and the Northern District of Texas *Bell* action support centralization in the Eastern District of Michigan and suggest, respectively, alternative transferee districts of the Northern District of California and the Northern District of Texas. Plaintiffs in a Western District of Texas potential tag-along action support centralization in the Western District of Texas.

After considering the argument of counsel, we find that the actions in this litigation involve common questions of fact, and that centralization in the Eastern District of Michigan will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions involve common factual issues arising from three similar putative nationwide class actions and one putative California statewide class action that concern the design, manufacture and performance of the air conditioners in several models of GM vehicles, spanning model years from

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] Plaintiff in the Eastern District of New York action (*Won*) did not respond to the motion to centralize. By operation of Panel Rule 6.1(c), which states in relevant part that "[f]ailure to respond to a motion shall be treated as that party's acquiescence to it," plaintiff is deemed to support centralization in the Eastern District of Michigan. Plaintiff Won later submitted a waiver of oral argument in which he stated that he supported centralization in the Northern District of California.

[2] The Panel has been notified of two potentially related actions pending in the Middle District of Tennessee and the Western District of Texas. These actions, and any other related actions, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

- 2 -

2014-2017.[3]  Plaintiffs allege that certain components in the air conditioning system are too weak to hold the pressure of the coolant, which builds up when the system is on.  This, in turn, leads to cracks and leaks during normal operation, which allow air conditioning refrigerant to escape and eventually lead to the premature failure of the air conditioning system.  Centralization will eliminate duplicative discovery; avoid inconsistent pretrial rulings, particularly on class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Eastern District of Michigan is an appropriate transferee district.  The district, which enjoys the support of most responding parties, is where relevant documents and witnesses may be found, inasmuch as defendant GM is based there.   Further, this district offers a readily accessible and convenient transferee forum.  We are confident that Judge Matthew F. Leitman, who already has taken initial steps to organize the cases before him, will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside of the Eastern District of Michigan are transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Matthew F. Leitman for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

---

[3]  Subject vehicles include the following: Cadillac Escalade (model years 2015-2017), Chevrolet Silverado 1500 (model years 2014-2016), Chevrolet Suburban (model years 2015-2017), Chevrolet Tahoe (model years 2015-2017), GMC Sierra 1500 (model years 2014-2016) and GMC Yukon (model years 2015-2017).

**IN RE: GENERAL MOTORS CORP AIR
CONDITIONING  MARKETING AND
SALES PRACTICES LITIGATION** MDL No. 2818

## SCHEDULE A

Northern District of California

JENKINS, ET AL. v. GENERAL MOTORS COMPANY, C.A. No. 3:17−05864

Eastern District of Michigan

TANGARA, ET AL. v. GENERAL MOTORS LLC, C.A. No. 4:17−12786

Eastern District of New York

WON v. GENERAL MOTORS COMPANY, ET AL., C.A. No. 1:17−04819

Northern District of Texas

BELL, ET AL. v. GENERAL MOTORS COMPANY, C.A. No. 2:17−00183